IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| WIPF EXCAVATING, LLC<br>1695 15th Street NW<br>Huron, SD 57350<br><br>   Plaintiff,<br><br>v.<br><br>TALON VETERAN SERVICES, INC.<br>525 Corporate Dr. Ste. 203<br>Stafford, VA 22554<br><br>Serve: Sanford Federal, Inc.<br>    525 Corporate Dr. Ste 203<br>    Stafford, VA 22554<br><br>   Defendant. | Civil Action No.: |

**COMPLAINT**

COMES NOW Plaintiff, Wipf Excavating, LLC, by and through its undersigned counsel, and states the following as its Complaint Against Defendant Talon Veteran Services, Inc.:

**PARTIES AND JURISDICTION**

1. Wipf Excavating, LLC ("Wipf") is a South Dakota limited liability corporation with its principal place of business at 1695 15th Street NW, Huron, South Dakota.

2. Defendant Talon Veteran Services, Inc. ("Talon") is a stock corporation with its principal place of business in Stafford, Virginia.

3. This Court has jurisdiction over the subject matter of this action pursuant to 28

U.S.C. § 1332 because of the diversity of citizenship of the parties hereto and because the amount in controversy exceeds $75,000.00.

4. This Court has personal jurisdiction over Talon because Talon conducts business in this District and because this is Talon's chosen forum for the adjudication of disputes between the parties pursuant to a forum selection clause in the Subcontract between the parties.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Talon conducts business in this District and because the forum selection clause in the Subcontract between the parties requires that any dispute between the parties be filed, heard, and resolved exclusively in this District.

## FACTUAL ALLEGATIONS

6. Talon entered into an agreement with the United States Bureau of Reclamations with respect to the repair of an Auxiliary Spillway near Huron, Beadle County, South Dakota, Prime Contract Number 140R6022P0031 (the "Project").

7. Talon entered into a Subcontract Agreement with Wipf (the "Subcontract") for the performance of certain work in relation to the Project. A true and accurate copy of the Subcontract is attached hereto as **Exhibit A.**

8. Pursuant to the Subcontract, Wipf was required to perform certain work with respect to the Project, and Talon was required to pay Wipf an original amount of $69,965.43.

9. Pursuant to a Change Order, additional work was performed by Wipf and the contract amount Wipf was to be paid increased to $107,473.05. A true and correct copy of the Change Order is attached hereto as **Exhibit B.**

10. The Subcontract and the Change Order (collectively, the "Contract") are valid and enforceable as they relate to the work to be performed by Wipf and the amounts to be paid by

Talon.

11.     Wipf fully and properly performed the work required under the Contract by April 30, 2023, and the work was approved and accepted by the U.S. Bureau of Reclamations, the owner of the Project (the "Owner").

12.     Talon was fully paid by the Owner for the work performed by Wipf, and Talon owes payment to Wipf for Wipf's work in the full amount of the Contract, $107,473.05.

13.     Payment of the amount of $107,473.04 was due to be paid by Talon to Wipf within 30 days of the completion of the work, or May 30, 2023.

14.     As of the date of the filing of this Complaint, Talon has refused to pay Wipf anything for the work on the Project.

15.     Interest has been running on the amount due since May 30, 2023, at the legal rate.

16.     Since June 2023, Wipf has been in constant contact with representatives of Talon about receiving payment. Talon representatives have indicated that they are looking into the payment, or similar comments.

17.     As of October 2023, representatives of Talon have responded to requests for payment from Wipf and Wipf's counsel but have refused to make any payment to Wipf. Talon representatives have never given Wipf any reason for Talon's failure to make payment to Wipf.

18.     Talon has been illegally and improperly holding funds paid by the United States government to Talon that are contractually and legally owed to Wipf.

## COUNT I
### Breach of Contract

19.     Paragraphs 1 through 18 are hereby incorporated by reference, and restated herein, as if they were fully set forth herein.

20. Talon has materially breached the Contract by failing and/or refusing to pay Wipf for labor, materials, equipment and services furnished to the Project pursuant to the Contract.

21. As a result of Talon's breach of the Contract Talon has suffered damages in the amount of at least $107,473.04, plus interest and attorneys' fees and costs.

22. Wipf has performed all conditions precedent to receiving payment under the Contract, and Talon has no justification for withholding payment.

**WHEREFORE**, Plaintiff Wipf Excavating, LLC, respectfully requests that this Court enter judgment in its favor and against Defendant Talon Veteran Services, Inc., in an amount not less than $107,473.04, together with interest, costs, attorneys' fees, and any further relief that this Court deems just and proper.

## COUNT II
## Unjust Enrichment

23. Paragraphs 1 through 22 are hereby incorporated by reference, and restated herein, as if they were fully set forth herein.

24. Wipf provided services and benefits to Talon in the form of the work performed by Wipf on the Project.

25. At all times that Wipf was performing work on the Project, Talon was aware that Wipf was performing work on the Project and that Wipf expected to be paid for that work.

26. The work that Wipf performed on the Project has a value of at least $107,473.04.

27. Since April 30, 2023, Talon has had the full use and benefit of the work that Wipf performed on the Project.

28. Talon has not paid Wipf for the work that Wipf performed on the Project, despite having been fully paid by the Owner for that work.

29.     Talon has been unjustly enriched by the value of Wipf's work as a subcontractor in pursuit of the Project, which value equals or exceeds $107,473.04.

30.     It would be inequitable for Talon to retain the benefit of the work performed by Wipf without paying Wipf the value of that work.

**WHEREFORE**, Plaintiff Wipf Excavating, LLC, respectfully requests that this Court enter judgment in its favor and against Defendant Talon Veteran Services, Inc., in an amount not less than $107,473.04, together with interest, costs, attorneys' fees, and any further relief that this Court deems just and proper.

Dated: December15, 2023                     Respectfully Submitted

**WIPF EXCAVATING, LLC**


 /s/ Joshua E. Holt
Joshua E. Holt (VA Bar No. 78602)
Mark S. Abrajano (VA Bar No. 91682)
Roxanne Reinhardt (VA Bar No. 98367)
SMITH CURRIE & HANCOCK LLP
1921 Gallows Road, Suite 850
Tysons, Virginia 22182
Telephone: (703) 506-1990
Facsimile: (703) 506-1140
jeholt@smithcurrie.com
msabrajano@smithcurrie.com
rreinhardt@smithcurrie.com

*Counsel for Plaintiff Wipf Excavating, LLC*

: